ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 21 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| JAMES LOUIS MOSS,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )　　3:05-CV-0169-L<br>) |
| DR. VICTOR PERALTA, et al.,<br>　　　Defendants. | )<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

　　Type of Case: This is an unspecified civil action.

　　Parties: Plaintiff is a resident of Grand Prairie, Texas. Defendants are Dr. Victor Peralta of Concentra Medical Center in Grand Prairie. The court has not issued process in this case.

　　Statement of Case: The complaint alleges Dr. Peralta provided inadequate medical care for Plaintiff's lower back and leg. He allegedly took only x-rays and prescribed medications that did not work. He also wanted Plaintiff to return to work despite the great pain in his leg and lower back, which Dr. Mark Laning subsequently diagnosed as being caused by a ruptured disc.

　　Findings and Conclusions: Before addressing the complaint, the court must first examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount

concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, see 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, see 28 U.S.C. § 1332.

The complaint relates to a claim of medical malpractice; it does not implicate any federal statutory or constitutional rights. Insofar as Plaintiff seeks to rely on 42 U.S.C. § 1983, he has not alleged a deprivation under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (a plaintiff must allege two elements to raise a claim under § 1983: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law). Neither Dr. Peralta nor Concetra Medical Center appear to be state actors.

Lastly, Plaintiff cannot rely on diversity of citizenship as a jurisdictional basis. It is clear from the face of the complaint that Plaintiff and the Defendants are citizens of the state of Texas.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be dismissed for want of jurisdiction pursuant to Rule 12(b), of the Federal Rules of Civil Procedure.

It is further recommended that Plaintiff's motions for the appointment of counsel, filed

on January 26, 2005, and March 9, 2005, be denied as moot.

    A copy of this recommendation will be mailed to Plaintiff.

                                    PAUL D. STICKNEY
                                    UNITED STATES MAGISTRATE JUDGE

## NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.